# No. 24-4206

# United States Court of Appeals
## for the
## Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee*,

– v. –

LAWRENCE JOSEPH FLORENTINE, a/k/a Larry,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE

# OPENING BRIEF OF APPELLANT

JOSHUA S. KENDRICK
KENDRICK & LEONARD, P.C.
Post Office Box 6938
Greenville, South Carolina 29606
(864) 760-4000

*Counsel for Appellant*

CP COUNSEL PRESS   (800) 4-APPEAL • (810547)

## TABLE OF CONTENTS

                                                                         **Page**

TABLE OF AUTHORITIES ..................................................................... iii

    I.    STATEMENT OF SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT ....................................................... 1

          A.    BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT ................................................. 1

          B.    BASIS FOR JURISDICTION IN THE COURT OF APPEALS ............................................................................. 1

    II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW ............ 2

          1.    THE § 844(h)(1) ENHANCEMENT FOR USE OF FIRE ONLY APPLIES WHEN FIRE IS USED TO COMMIT A CRIME AND IT WAS ERROR FOR THE DISTRICT COURT TO APPLY THE STATUTE IN A CASE WHERE FIRE WAS USED AFTER THE CRIME WAS COMPLETED .......................... 2

    III.    STATEMENT OF THE CASE ..................................................... 2

    IV.    SUMMARY OF THE ARGUMENT ............................................ 6

    V.    ARGUMENT .................................................................................. 7

          1.    THE § 844(h)(1) ENHANCEMENT FOR USE OF FIRE ONLY APPLIES WHEN FIRE IS USED TO COMMIT A CRIME AND IT WAS ERROR FOR THE DISTRICT COURT TO APPLY THE STATUTE IN A CASE WHERE FIRE WAS USED AFTER THE CRIME WAS COMPLETED .......................... 7

              Standard of Review ........................................................ 7

              Argument ........................................................................ 7

                    What are the undisputed facts in this case? ................ 7

                    What does 18 U.S.C. § 844(h)(1) outlaw? .................... 8

                    Florentine did not use fire to commit a federal felony. ........................................................................ 9

CONCLUSION ............................................................................................. 13

STATEMENT REGARGIND ORAL ARGUMENT ....................................... 13

CERTIFCATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Bailey v. United States*,
    516 U.S. 137 (1995) .................................................................. 8, 9

*Discover Bank v. Vaden*,
    396 F.3d 366 (4th Cir. 2005) ......................................................... 11

*Grunewald v. United States*,
    353 U.S. 391 (1957) ................................................................ 10, 11

*United States v. Barnette*,
    211 F.3d 803 (4th Cir. 2000) ........................................................... 9

*United States v. Barringer*,
    25 F.4th 239 (4th Cir. 2022) ........................................................... 7

*United States v. Broce*,
    488 U.S. 563 (1989) .................................................................... 1

*United States v. Colvin*,
    353 F.3d 569 (7th Cir. 2003) .......................................................... 12

*United States v. Faulls*,
    821 F.3d 502 (4th Cir. 2016) ........................................................... 9

*United States v. Hewecker*,
    79 F. 59 (1896) ....................................................................... 10

*United States v. McAuliffe*,
    490 F.3d 526 (6th Cir. 2007) .......................................................... 12

*United States v. McCoy*,
    721 F.2d 473 (4th Cir. 1983) .......................................................... 11

**Statutes & Other Authorities:**

18 U.S.C. § 241 ........................................................................... 12

18 U.S.C. § 844(h)(1) .............................................................. *passim*

18 U.S.C. § 924(c) ......................................................................... 9

18 U.S.C. § 924(c)(1)(A) ................................................................... 1

18 U.S.C. § 924(j)(1) ............................................................................... 1

18 U.S.C. § 1201(a)(1) ........................................................................... 11

18 U.S.C. § 1519 ...................................................................................... 1

18 U.S.C. § 2261(a)(2) ............................................................................ 1

18 U.S.C. § 2261(b)(1) ............................................................................ 1

28 U.S.C. § 1291 ...................................................................................... 1

# I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

## A. BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT

Appellant Lawrence Florentine was the sole defendant named in a 4-count indictment filed in the District of South Carolina on December 13, 2022.

Count One alleged interstate domestic violence resulting in death, in violation of 18 U.S.C. §§ 2261(a)(2) and (b)(1). JA16. Count Two alleged use of a firearm to cause death during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). JA17. Count Three alleged obstruction of justice, in violation of 18 U.S.C. § 1519. JA17. Finally, Count Four alleged use of fire during the commission of a felony, in violation of 18 U.S.C. § 844(h)(1). JA18.

Pursuant to the indictment and the cited code sections, the district court had jurisdiction over this case.

## B. BASIS FOR JURISDICTION IN THE COURT OF APPEALS

28 U.S.C. § 1291 authorizes this Court to review final decisions of the federal district courts. A plea of guilty is a final decision of a district court. *United States v. Broce*, 488 U.S. 563, 569 (1989).

A final judgment in this matter was entered on April 9, 2024. JA327. A notice of appeal was filed on April 12, 2024. JA333. Based on the final judgment of the district court in this case and a proper and timely notice of appeal, this Court has jurisdiction over this matter.

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. THE § 844(h)(1) ENHANCEMENT FOR USE OF FIRE ONLY APPLIES WHEN FIRE IS USED TO COMMIT A CRIME AND IT WAS ERROR FOR THE DISTRICT COURT TO APPLY THE STATUTE IN A CASE WHERE FIRE WAS USED AFTER THE CRIME WAS COMPLETED.

## III. STATEMENT OF THE CASE

Appellant Lawrence Florentine and Nicole Zahnd[1] were married on September 6, 2018. JA339. Florentine was a decorated military veteran and a successful businessman with no criminal history. After being introduced to methamphetamine by Zahnd, his life quickly derailed.

At the plea hearing, the Government detailed a tumultuous marriage with multiple allegations of domestic violence. JA64-65. The Government also stated at the plea hearing that Florentine and Zahnd were travelling together in North Carolina and South Carolina from June 2, 2020, to around June 11, 2020. JA65. Based on cell phone records, the Government took the position that Florentine and Zahnd were last together in Piedmont, South Carolina from June 7, 2020, to June 10, 2020. JA65.

Zahnd's body was found in Fredonia, Kentucky, on June 13, 2020. JA65. The cause of death was a gunshot wound to the head and the body was partially burned. JA66. Police ultimately identified Florentine through surveillance video in and around Freedonia. The video showed both a man that matched Florentine's description and the vehicle he had been driving.

---

[1] Nicole Zahnd will be referred to in this appeal as "Zhand" though she took Florentine's last name. This is to avoid confusion between her and the Appellant.

JA66-67. After Florentine was identified, he was ultimately arrested in Denver, Colorado on June 23, 2020. JA67.

Florentine was extradited to Kentucky and charged with capital murder. JA338. He was arrested on this South Carolina federal case on October 20, 2022, waived extradition proceedings, and was brought to the District of South Carolina. JA338.

The case against Florentine was a capital-eligible prosecution, but the Government filed a notice that it did not intend to seek the death penalty on February 1, 2023. JA7. The parties negotiated extensively prior to the resolution of this case. A major point of contention was the charge in Count 4, which carried a consecutive ten years for use of fire to commit a felony. Florentine filed a motion to dismiss that count of the indictment on October 12, 2023. JA19.

The motion to dismiss is at the center of this appeal. Florentine took the position that Count 4 (the use of fire count) was not applicable to the facts of the case as stated in the indictment and the count should be dismissed. Because the fire did not contribute to Zahnd's death and occurred after the predicate crime was completed, applying it under these circumstances was too broad an application of federal criminal law.

Because Count 4 had such significant penalties (10 years consecutive to any other sentence) it was the critical part of negotiations. Florentine filed the motion to dismiss in the hopes of clarifying that issue without a trial, which would have taken weeks and cost a significant amount of resources to decide a dispute that involved a limited portion of the case.

3

Shortly before a scheduled pretrial conference, Florentine entered a plea agreement with the Government. JA23. Paragraph 11 of the plea agreement contained an appellate waiver, with the following exception:

> "Pursuant to the terms of this plea agreement, the Defendant expressly retains the right to appeal any adverse ruling from the Court on his motion to dismiss Count 4 of the Indictment (ECF No. 91). The Defendant's plea of guilty is conditioned on his right to appeal that decision."

JA29. Florentine elected to plea under these circumstances to avoid a lengthy trial over a specific legal question. JA218.

The Government responded to the motion, the defense filed a reply, and a hearing took place on January 18, 2024. JA89. An issue arose at the hearing when the district court asked about the facts and timeline of the crime. JA93. The defense argued that the killing and the fire took place at two separate times. JA93-94. However, the Government would not concede any time for the killing. JA96. The Government did concede the victim was not alive when she was burned. JA99.

After the parties set out their positions, the district court took the matter under advisement and explained the issues it intended to consider in reaching a decision. The court first explained it intended to review the case law regarding when fire was used to commit the underlying crime as opposed to concealing that crime. JA111-112. The court also expressed some concern about how far it could go into the facts based on any factual disputes between the parties. JA112.

A few days after the hearing, the Government filed a letter with supplemental authority, referencing both the federal kidnapping statute and the legislative history of § 844(h)(1). Florentine responded to the kidnapping argument and attached the referenced legislative history to reveal exactly why Congress had passed this law. JA120.

The district court issued its opinion on January 29, 2024. JA165. The motion to dismiss was denied, but the district court did not reach the question of whether "use of fire" applied to these facts because there was significant factual disagreement at the motion to dismiss hearing. JA171. The disagreement over the facts limited the district court to simply determining whether the indictment was sufficient on its face to notify Florentine of the charges against him. JA171.

Shortly after the district court opinion, Florentine filed a motion to reconsider. JA173. His primary argument was that the facts required to resolve the motion to dismiss were listed in the indictment and there was no need to go beyond the face of the indictment. JA175. Because the issue regarding the "use of fire" statute was not properly preserved, Florentine became concerned this Court would not be able to decide the issue, which was a critical part of the plea agreement. JA175. The district court denied that motion. JA189.

On April 2, 2024, Florentine moved to withdraw his plea. JA198. He described both the plea negotiations and the litigation over the motion to dismiss. JA201-202. Florentine again pointed out that the procedural nature of the ruling would likely prevent this Court from reaching the merits of the

"use of fire" issue and because the right to argue that issue was a condition of the plea, Florentine should be allowed to withdraw his plea of guilty. JA 202.

The motion to withdraw was heard on the same day sentencing was scheduled, April 8, 2024. JA216. Florentine argued extensively in support of the district court either ruling on the motion or allowing him to withdraw his plea, including pointing out the plea had been entered because Florentine did not want to have a multi-week trial over a single legal issue. JA229-230. The majority of the motion hearing involved whether the Government had a material disagreement about the facts needed to decide the motion. JA241-242. After questioning by the district court, the Government finally conceded the critical facts needed to decide the motion to dismiss on the merits: the victim was shot and killed and that was prior to her body being burned. JA242-243. The Government specifically conceded the sequence of the killing and the use of fire. JA243-244.

Based on these concessions, the district court determined it could reach the merits of Florentine's motion to dismiss. JA244-246. Florentine withdrew his motion to withdraw his guilty plea based on the district court's position that it could rule on the merits. JA248. Immediately after that withdrawal, the district court ruled on the motion to dismiss. JA249-250. The district court denied the motion to dismiss and proceeded to sentencing. JA250.

## IV.     SUMMARY OF THE ARGUMENT

Florentine's argument is based on statutory interpretation of a clear statute with unambiguous text. 18 U.S.C. § 844(h)(1) calls for a ten-year

consecutive sentence when a defendant uses fire to commit a federal felony. The predicate felony in this case was interstate domestic violence resulting in death, based on the commission of murder as set out in Count 1 of the indictment. Murder ends at the death of the victim, as does the crime of interstate domestic violence resulting in death.

Both parties agree the fire was not used prior to the victim's death. Because the undisputed facts of the case reflect that fire was only used after the crime was completed, it was not used to commit the predicate felony listed in the indictment. The district court's opinion expanded the § 844(h)(1) offense past its plain language and the decision should be reversed.

## V. ARGUMENT

1. THE § 844(h)(1) ENHANCEMENT FOR USE OF FIRE ONLY APPLIES WHEN FIRE IS USED TO COMMIT A CRIME AND IT WAS ERROR FOR THE DISTRICT COURT TO APPLY THE STATUTE IN A CASE WHERE FIRE WAS USED AFTER THE CRIME WAS COMPLETED.

### Standard of Review

This Court should review the district court's factual findings on a motion to dismiss for clear error and review its legal conclusions de novo. *United States v. Barringer*, 25 F.4th 239, 246 (4th Cir. 2022).

### Argument

What are the undisputed facts in this case?

Despite the lengthy battle in the district court over the motion to dismiss, the facts relevant to this appeal are not in dispute and were correctly found by the district court. The count of the indictment Florentine moved to dismiss was Count 4, which charges that on or about June 11, 2020,

Florentine "...did knowingly use fire in the commission of a felony, namely, interstate domestic violence resulting in death..." JA18.

Count 1 alleged that the interstate domestic violence resulting in death took place on or about June 9, 2020, to June 11, 2020. JA16. Additionally, Count 2 alleged that Florentine killed the victim with a firearm on or about June 9, 2020. JA17. Finally, Count 4 alleged that Florentine used fire in the commission of interstate domestic violence resulting in death on or about June 11, 2020. JA18.

The Government conceded Florentine killed the victim by shooting her and after her death, he set her body on fire and buried her. JA246. Though there was no concession as to the exact time of death, there was a concession that the fire did not cause the victim's death. It is undisputed that the victim's death occurred, and then fire was used to burn her body after the death.

What does 18 U.S.C. § 844(h)(1) outlaw?

18 U.S.C. § 844(h)(1) applies a ten-year consecutive sentence to any offender who "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States..." In simple terms, a federal defendant will get an extra ten-year consecutive sentence for using fire to commit a federal crime. The term "use" is at the heart of this appeal.

The district court's opinion in this case expanded "use" beyond its normal definition. Interpreting a firearm statute, the Supreme Court has noted that "[t]he phrase 'uses to commit' indicates that Congress originally intended to reach the situation where the firearm was actively employed during commission of the crime." *Bailey v. United States*, 516 U.S. 137, 147

(1995). The Supreme Court was considering the original version of 18 U.S.C. § 924(c) which had identical language to the "use of fire" statute, applying to an offender who "uses a firearm to commit any felony which may be prosecuted in a court of the United States…" *Id*.

*Bailey* discussed the history of the 924(c) statute as it evolved over time. The phrase "uses to commit" was intended by Congress to apply to cases "…where the firearm was actively employed during commission of the crime." *Id*. That version of the law also included a provision for carrying a firearm during a crime, leading to the conclusion that "use" had a meaning more integral to the commission of the crime than "carry." In discussing that history, the Supreme Court recognized the definition of "use." *Id*. at 147-48.

Interpretations of the § 924(c) offense are appropriate sources of authority for reviewing the application of § 844(h)(1). This Court has recognized the two statutes are nearly identical, differing only in the item "used" to trigger the statute. *United States v. Barnette*, 211 F.3d 803, 813 (4th Cir. 2000). The activity outlawed by § 844(h)(1) is not using a fire around the time of another crime or to conceal another crime. It outlaws using that fire to commit the crime. That did not happen here.

<u>Florentine did not use fire to commit a federal felony.</u>

Count 4 charges Florentine with using fire to commit the federal felony of interstate domestic violence resulting in death. JA18. Interstate domestic violence requires the defendant to commit a crime of violence against a spouse. *United States v. Faulls*, 821 F.3d 502, 513 (4th Cir. 2016). This case involved murder as the underlying crime of violence. JA16.

9

Because the predicate crime of violence for the interstate domestic violence is murder, the crime ended with the killing of the victim. Murder consists of "...both the stroke and consequent death..." *United States v. Hewecker*, 79 F. 59, 62 (1896). As Florentine pointed out in the district court, a ruling for the Government would result in the expansion of § 844(h)(1) beyond its language, or the expansion of the crime of murder beyond its traditional and historical meaning. In either case, the crime would have to be expanded to cover the concealment of the crime, as opposed to using plain language meaning to "actively employ" in the commission of the crime. Such an expansion would go far beyond the text of the statute and even beyond logical judicial interpretation.

The Supreme Court considered a government argument for expansion of a crime in *Grunewald v. United States*. Seeking to avoid a statute of limitations, the government asked the Supreme Court to include in the commission of a conspiracy acts that occurred after the object of the conspiracy was achieved, but in furtherance of the concealment of that conspiracy. *Grunewald v. United States*, 353 U.S. 391, 398 (1957).

The instant crime does not reach as broadly as conspiracy crimes, which are so broad even the Supreme Court described them as "pervasive and wide-sweeping nets..." *Id.* at 404. Despite that broad reach, the *Grunewald* Court drew a line at expanding the crime's reach past achievement of the crime's objective and would not include concealment of that crime. The Supreme Court held that "...a vital distinction must be made between acts of concealment done in furtherance of the *main* criminal

objective of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Id.* at 405 (emphasis in original).

The Supreme Court drew an appropriate limit to federal crimes in determining they do not extend past their object. Congress has effectively created the same limitation by including specific language in a statute that does extend its reach past the object. Congress knows how to extend a statute past the historical and traditional endpoint of a crime.

Federal kidnapping, for example, specifically contemplates the crime continuing past the death of the victim within the very language of the statute itself. 18 U.S.C. § 1201(a)(1). No such expansion is listed in the interstate domestic violence statute and the courts should not read one into the statute. The kidnapping statute demonstrates Congress knows how to extend a statute's reach past the death of a victim. The lack of a similar element in the interstate domestic violence is evidence it was not intended to extend past the death of a victim. When Congress knows how to say something and chooses not to, its silence is controlling. *Discover Bank v. Vaden*, 396 F.3d 366, 370 (4th Cir. 2005).

The controlling silence here cuts directly against the Government's case. Murder is completed when "...the base crime is committed." *United States v. McCoy,* 721 F.2d 473, 475 (4th Cir. 1983). As this Court has recognized, one could not aid and abet a murder after the victim was killed. *Id.* The underlying crime of violence in the interstate domestic violence count was murder, a crime that is completed at the victim's death. That death, by

extension, also completes the interstate domestic violence crime. As *McCoy* explains, actions taken after the death are not part of the principal crime. Because there is no dispute fire was not used to commit the crime of interstate domestic violence resulting in death, Florentine's actions do not meet the definition of the crime in 18 U.S.C. § 844(h)(1).

There are numerous examples of the proper use of this statute and each one further distinguishes this case from the intended use of the § 844(h)(1) statute. Courts have limited its application to situations where the fire is used to commit the crime, as opposed to some incidental use of fire in the course of the crime. For example, the Seventh Circuit considered a cross-burning case where the predicate crime was a conspiracy under 18 U.S.C. § 241. *United States v. Colvin,* 353 F.3d 569, 570 (7th Cir. 2003). Because the offense covered by § 241 is the agreement, fire cannot be used to reach an agreement and § 844(h)(1) did not apply. Even though fire was involved in activity after the crime, it was not "used to commit" the crime and did not apply. The Seventh Circuit was faithful to the statutory text and properly declined to apply the use of fire enhancement to activity that took place after the actual charged crime.

Cases like the Sixth Circuit's decision in *United States v. McAuliffe* confirm the argument Florentine is making. Fire must be actively used to commit the crime. In *McAuliffe*, the predicate crime was mail fraud. *United States v. McAuliffe,* 490 F.3d 526, 534 (6th Cir. 2007). Again, fire was not incidental to the crime, it was used to commit the object of the crime. *Id*. at 535. Because it was part of the commission of the crime, it met the plain

language of the statute and the enhancement for use of fire to commit a federal felony was appropriate.

In Florentine's case, the use of fire was not part of the commission of the crime. It took place after commission of the object of the predicate crime listed in the indictment. This was an undisputed fact and properly the subject of a motion to dismiss. This Court should reverse the district court's decision and remand the case for re-sentencing without the ten-year consecutive sentence for use of fire to commit a federal felony.

## **CONCLUSION**

Based on the above reasoning, Lawrence Florentine respectfully requests this Court reverse the decision of the district court and remand this case for re-sentencing.

## **STATEMENT REGARDING ORAL ARGUMENT**

This matter is novel in this Circuit, but of critical importance in making sure federal criminal law is appropriately limited. As such, oral argument would aid the Court in crafting an opinion in this matter.

Respectfully submitted,

***s/ Joshua Snow Kendrick***
Joshua Snow Kendrick
KENDRICK & LEONARD, P.C.
Post Office Box 6938
Greenville, SC 29606
(864) 760-4000
Josh@KendrickLeonard.com

August 12, 2024
Greenville, South Carolina

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*3,359*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Georgia Pro*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: August 12, 2024                    /s/ Joshua Snow Kendrick
                                          *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 12th day of August, 2024, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Leesa Washington
OFFICE OF THE U.S. ATTORNEY
One Liberty Square
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
(864) 282-2109

*Counsel for Appellee*

I further certify that on this 12th day of August, 2024, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via FedEx, upon counsel for the Appellee, at the above address.

/s/ Joshua Snow Kendrick
*Counsel for Appellant*